IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
WILKESBORO DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy Case No. 11-50698 |
| ) | Chapter 7 |
| RICHARD HENRY BLOOD, JR., ) | |
| ) | |
| Debtor. ) | |
| ) | |
| BARRETT L. CRAWFORD, Trustee for the ) | Adversary Proceeding No. 13-____ |
| Bankruptcy Estate of Richard Henry Blood, Jr., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| RICHARD HENRY BLOOD, JR, ) | |
| CLAUDIA ANN BLOOD, WORLD ) | **COMPLAINT** |
| WRESTLING ENTERTAINMENT, INC. ) | |
| 401(K) PLAN, WORLD WRESTLING ) | |
| ENTERTAINMENT, INC., FIDELITY ) | |
| BROKERAGE SERVICES a/k/a FIDELITY ) | |
| INVESTMENTS and JP MORGAN CHASE, ) | |
| A/K/A CHASE CARD SERVICES, ) | |
| ) | |
| Defendants. ) | |

The Plaintiff, complaining of the acts of the Defendants, says and alleges:

1. This is an action to avoid transfers of property and to recover the transferred property or the value thereof for the benefit of the bankruptcy estate, pursuant to Bankruptcy Code Sections 544, 547, 548, and 550 and North Carolina law, and for revocation of Debtor's discharge pursuant to Bankruptcy Code Section 727.

2. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151 and 157, and the local rule referring to the Bankruptcy Judge all bankruptcy matters filed in the United States District Court for the Western District of North Carolina.

3. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper pursuant to 28 U.S.C. § 1409.

4. The Plaintiff is the duly appointed and acting Chapter 7 Bankruptcy Trustee in the above-captioned bankruptcy case.

Case 13-05019    Doc 1    Filed 05/31/13    Entered 05/31/13 13:46:01    Desc Main
Document    Page 2 of 7

5.   Upon information and belief, the Defendant Richard Henry Blood, Jr. ("Debtor") is a citizen and resident of Tampa, Florida.

6.   Upon information and belief, the Defendant Claudia Ann Blood ("Claudia Blood") is a citizen and resident of York County, South Carolina.

7.   Upon information and belief, the Defendant World Wrestling Entertainment, Inc. 401(k) Plan ("401(k) Plan") is an employer sponsored employee retirement plan established under ERISA.

8.   Upon information and belief, the Defendant World Wrestling Entertainment, Inc. ("WWE") is a corporation or other business entity organized and existing pursuant to the state of Delaware or another state and is the sponsor of the 401(k) Plan.

9.   Upon information and belief, the Defendant Fidelity Brokerage Services a/k/a Fidelity Investments ("Fidelity") is a corporation or other business entity organized and existing pursuant to the state of Delaware or another state and is the brokerage firm that has custody of the funds in the 401(k) Plan.

10.  Upon information and belief, the Defendant JP Morgan Chase, a/k/a Chase Card Services ("Chase Card Services") is a corporation or other business entity organized and existing pursuant to the laws of the United States of America or a state therein.

11.  On May 31, 2011, the Debtor filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of North Carolina; Bankruptcy Case No. 11-50698.

12.  In or around late 2010 the Debtor transferred his interest in RBR Properties to his ex-wife, Bonita Blood.  At the time RBR Properties was receiving net rental income of approximately $7,100.00 per month.

13.  Upon information and belief, no consideration was received by the Debtor for his transfer of this interest in RBR Properties.

14.  The Debtor did not disclose the transfer of his interest in RBR Properties in his Statement of Financial Affairs.

15.  On or about May 9, 2011, the Debtor transferred $3,000.00 to his wife, Claudia Blood.

16. Upon information and belief no consideration was received by the Debtor for his transfer of the $3,000.00.

17. The Debtor did not disclose the transfer of the $3,000.00 to Claudia Blood.

18. On or about May 10, 2011, the Debtor transferred $15,000.00 to his wife, Claudia Blood.

19. Upon information and belief no consideration was received by the Debtor for his transfer of the $15,000.00.

20. The Debtor did not disclose the transfer of the $15,000.00 to Claudia Blood.

21. On or about May 24, 2011, the Debtor made a lump-sum payment to Fidelity in the amount of $10,978.70 to payoff a loan from his 401(k) Plan.

22. From approximately March 15, 2011 through approximately May 15, 2011 the Debtor made at least three payments to Chase Card Services on his credit card account totaling approximately $11,800.00, including but not limited to a payment in the amount of $3,273.54 on May 10, 2011.

23. Upon information and belief, the Debtor had assets totaling no more than $151,494.08 at the time of the above transfers as shown in the Debtor's bankruptcy Schedules A and B. A true and accurate copy of the Debtor's Schedules A and B is attached hereto as Exhibit "A."

24. Upon information and belief, the Debtor was indebted in the amount of at least $789,091.38 at the time of the above transfers, as shown in the Debtor's bankruptcy Schedules D, E and F. A true and accurate copy of the Debtor's Schedules D, E and F is attached hereto as Exhibit "B."

25. Upon information and belief, there was no material change in the Debtor's financial condition between the time of the above transfers and the time of the filing of the bankruptcy case.

26. Upon information and belief, at the time of the above transfers the Debtor was insolvent.

27. As shown on the Trustee's Semi-Annual Report filed on January 31, 2013 in the Debtor's bankruptcy case, as of December 31, 2012, the bankruptcy estate has funds totaling only $3,985.30 with which to pay claims in the bankruptcy case. A true and correct copy of the Semi-Annual Report is attached hereto as Exhibit "C".

28. Upon information and belief, the Debtor was indebted in the amount of $683,405.54 at the time of the transfers, as evidenced by the claims filed in the Debtor's bankruptcy case. A true and accurate copy of the claims register in the Debtor's bankruptcy case is attached hereto as Exhibit "D."

29. Upon information and belief, the bankruptcy estate will not have sufficient funds to pay the allowed claims in full in the Debtor's bankruptcy case.

30. It is the intent of the Plaintiff to avoid all avoidable transfers to the Defendants under applicable law. To the extent that any such additional transfers are discovered by the Plaintiff, the Plaintiff reserves the right to amend his complaint to include the avoidance of such additional transfers.

31. The above transfers to Claudia Blood are avoidable as fraudulent transfers and the Plaintiff pleads them to be avoidable as preferential transfers in the alternative. The above transfers to or for the benefit of the remaining Defendants are avoidable as preferential payments and the Plaintiff pleads them to be avoidable a fraudulent transfers in the alternative.

## FIRST CAUSE OF ACTION
### Avoidance of Transfer Under 11 U.S.C. Section 547

32. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

33. The above transfers constitute transfers of property of the Debtor.

34. The above transfers were made within 90 days before filing the voluntary bankruptcy petition.

35. At all times relevant to this action, the Defendant Claudia Blood was an insider of the Debtor.

36. The above transfers were transfers of an interest in property of the Debtor.

37. The above transfers were made to or for the benefit of a creditor.

38. The above transfers were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

39. The Debtor was insolvent on the date that the above transfers were made or the Debtor became insolvent as a result of the above transfers.

40. The above transfers enabled such creditor to receive more than such creditor would have received if the case were a case under Chapter 7 of this title, the above transfers had not been made, and such creditor received payment on such debt to the extent provided by the provisions of the Bankruptcy Code.

41. The Plaintiff is entitled to avoid the above transfers pursuant to 11 U.S.C. § 547.

## SECOND CAUSE OF ACTION
### Avoidance of Transfer Under 11 U.S.C. Section 548

42. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

43. The above transfers were transfers of an interest in property of the Debtor.

44. The above transfers were made with the intent to hinder, delay and defraud creditors of the Debtor.

45. In the alternative, the Debtor received less than a reasonably equivalent value in exchange for the above transfers and the Debtor was insolvent on the date the above transfers were made, or the Debtor became insolvent as a result of the above transfers.

46. The Plaintiff is entitled to avoid the above transfers pursuant to 11 U.S.C. § 548.

## THIRD CAUSE OF ACTION
### (In the Alternative)
### Avoidance of Transfer Under
### North Carolina Uniform Fraudulent Transfer Act

47. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

48. As the Chapter 7 Bankruptcy Trustee, the Plaintiff has standing to bring this claim pursuant to Bankruptcy Code Section 544.

49. At the time of the above transfers, the Debtor were indebted to one or more creditors holding an unsecured claim that is allowable under Bankruptcy Code Section 502 or that is not allowable only under Bankruptcy Code Section 502(e).

50. The Debtor is a debtor within the meaning of the North Carolina Uniform Fraudulent Transfer Act ("UFTA").

51. The above transfers from the Debtor were transfers within the meaning of UFTA.

52. The above transfers were made with the intent to hinder, delay and defraud creditors of the Debtor.

53. The above transfers were made without the Debtor receiving a reasonably equivalent value in exchange for the above transfers and the Debtor was insolvent at the time of the above transfers, or the Debtor became insolvent as a result of the above transfers, or the Debtor was about to engage in a transaction for which his remaining assets were unreasonably small in relation to the transaction.

54. The above transfers are voidable by the creditors of the Debtor pursuant to N.C. G. S. Sections 39-23.4(a)(1), 39-23.4(a)(2), 39-23.5(a), 39-23.5(b) and 39-23.7(a)(1).

55. The Plaintiff is entitled to avoid the above transfers pursuant to Bankruptcy Code Section 544 and UFTA.

56. The Plaintiff is entitled to recover from the Defendants the above transfers or the value of the above transfers.

### FOURTH CAUSE OF ACTION
### Bankruptcy Code Section 550

57. All preceding paragraphs are realleged and incorporated by reference as if fully set forth herein.

58. The above transfers are avoidable pursuant to Bankruptcy Code Sections 544, 548, and/or 547.

59. The Defendants are the initial transferees of the above transfers and are the persons for whose benefit the above transfers were made.

60. The Plaintiff is entitled to recover for the benefit of the bankruptcy estate the above transfers or the value of the above transfers pursuant to Bankruptcy Code Section 550.

## FIFTH CAUSE OF ACTION
### Revocation of Discharge Under Bankruptcy Code Section 727(d)

61.    All preceding paragraphs are realleged and incorporated herein by reference as if fully set forth.

62.    The Defendant's discharge was obtained through fraud of the Defendant, and the Plaintiff did not know of such fraud until after the granting of the Defendant's discharge.

63.    The Defendant acquired property that is property of the estate and knowingly and fraudulently failed to report the acquisition of the property to the Trustee and failed to deliver or surrender the property to the Trustee.

64.    As such, the Court should revoke the Defendant's discharge pursuant to 11 U.S.C. Section 727(d).

WHEREFORE, the Plaintiff prays the Court that:

1.    The Court enter an order avoiding and setting aside the above transfers;

2.    The Plaintiff have and recover from the Defendants the above transfers or a sum equal to the value to the above transfers, plus interest thereon at the legal rate from the date of the above transfers;

3.    That the Court revoke the Debtor's discharge;

4.    The Plaintiff have and recover from the Defendants the costs of this action; and

5.    The Plaintiff be awarded such other and further relief as is just and proper.

Dated this 31st day of May, 2013.

/s/ John W. Taylor
John W. Taylor, Bar No. 21378
Jessica V. Shaddock, Bar No. 41578
Attorneys for Plaintiff
4600 Park Road, Suite 420
Charlotte, NC 28209
(704) 540-3622